UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUDANE LEFEVRE,

                Plaintiff,                1:14-cv-1311
                                                      (GLS/DJS)
        v.

LARRY ROSEN ESQ.,

                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Levidow, Levidow & Oberman        PETER P. LODUCA, ESQ.
299 Broadway - Suite 1800
New York, NY 10007

**FOR THE DEFENDANT:**
Hinckley, Allen Law Firm             CHRISTOPHER V. FENLON,
30 South Pearl Street, Suite 901    ESQ.
Albany, NY 12207                          MICHAEL L. KOENIG, ESQ.

**Gary L. Sharpe**
**District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Sudane Lefevre commenced this diversity action against defendant Larry Rosen Esq., alleging negligence, legal malpractice, and breach of fiduciary duty. (Am. Compl. ¶¶ 5-9, Dkt. No. 16.) Pending is

Rosen's motion to dismiss the complaint for failure to state a claim. (Dkt. No. 8.) Lefevre opposes the motion. (Dkt. No. 17.) For the reasons that follow, Rosen's motion is granted.[1]

## II. Background

### A. Facts[2]

---

[1] Also pending is Lefevre's request for leave to file a surreply to address "an argument made by [Rosen] for the first time in his [r]eply [m]emorandum of [l]aw," (Dkt. No. 23), which Rosen opposes, (Dkt. No. 24). "Neither the Federal Rules of Civil Procedure nor the Local Rules permit such a surreply, and the [c]ourt is under no obligation to give plaintiff another chance to make his arguments." *Clark v. City of Oswego*, No. 5:03-CV-202, 2007 WL 925724, at *7 n.9 (N.D.N.Y Mar. 26, 2006) (citation omitted); *see* N.D.N.Y. L.R. 7.1(b)(1) ("A surreply is not permitted."). Accordingly, Lefevre is denied leave to file a surreply and the proposed surreply submitted with his request will not be considered. Notably, the court is also well aware of the principle that new arguments raised in a reply should typically be disregarded. *See Ditullio v. Vill. of Massena*, 81 F. Supp. 2d 397, 408-09 (N.D.N.Y. 2000). Here, Lefevre objects to Rosen's reliance on a decision cited for the first time in his reply papers. (Dkt. No. 23 at 1.) However, as Rosen points out, he did not raise a new argument in his reply papers, but rather, "cited a new case in response to [Lefevre's] opposition and in further support of the same arguments raised in the motion to dismiss." (Dkt. No. 24 at 1.)

[2] Unless otherwise noted, the facts are drawn from Lefevre's amended complaint and presented in the light most favorable to him. The court notes that the parties have provided with their motion papers various documents from the underlying criminal prosecution for the court to consider. The court may look to matters of public record when considering a motion to dismiss for failure to state a claim. *See Byrd v. City of New York*, No. 04-1396-CV, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (explaining that the court, on a motion to dismiss pursuant to Rule 12(b)(6), may consider matters that are subject to judicial notice without converting the motion to one for summary judgment). To that end, "'[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)). In this case, the court has considered the May 9, 2012 Uniform Sentence and Commitment form, (Dkt. No. 9, Attach. 3), and the transcript of the February 20, 2013 proceedings before County Court, (Dkt. No. 17, Attach. 1), for the factual background of the case. *See L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 421-22 (2d Cir. 2011). The other two documents which Rosen offers, the February 27, 2012 decision and order of County Court (Herrick, J.), (Dkt. No. 9, Attach. 1), and the May 9, 2012 special information charging Lefevre with a predicate offense, (Dkt. No. 9, Attach. 2), are irrelevant to the court's analysis set forth below, and,

On July 9, 2011, Lefevre was arrested for possession of drugs and loitering, pursuant to N.Y. Penal Law §§ 220.09 and 240.36. (Am. Compl. ¶ 2.) Apparently, Lefevre was arrested after calling 911 in need of medical attention for another individual. (*Id.* ¶¶ 5, 10; Dkt. No. 17, Attach. 1 at 3.) After Lefevre's arrest, but before an indictment was returned, the New York State legislature, on July 20, 2011, passed a "Good Samaritan Law," which was to become effective on September 18, 2011. (Am. Compl. ¶¶ 2, 5); *see* N.Y. Penal Law § 220.78. This law states that, with certain limited exceptions, "[a] person who, in good faith, seeks health care for someone who is experiencing a drug or alcohol overdose or other life threatening medical emergency shall not be charged or prosecuted for a controlled substance offense under article two hundred twenty" of the Penal Law. N.Y. Penal Law § 220.78(1).

On October 28, 2011, Lefevre was indicted by a grand jury for drug possession and loitering. (Am. Compl. ¶ 2.) Subsequently, in February 2012, Lefevre retained Rosen to act as his defense counsel. (*Id.*) Relying on Rosen's advice, Lefevre ultimately pleaded guilty to criminal possession of a controlled substance in the fourth degree. (*Id.* ¶ 6; Dkt. No. 9, Attach.

therefore, the court excludes them from its consideration.

3 at 2.) In May 2012, he was sentenced to three and one-half years in prison. (Am. Compl ¶ 6.) While incarcerated, he moved *pro se* to vacate the judgment. (*Id.* ¶ 10.) On February 20, 2013, after Lefevre had been incarcerated for approximately one year, his conviction and sentence were vacated and the indictment was dismissed because County Court (Herrick, J.) found the Good Samaritan Law precluded his prosecution. (*Id.* ¶¶ 9-10; Dkt. No. 17, Attach. 1.)

**B.     Procedural History**

Lefevre commenced this action by filing a complaint on October 27, 2014. (Compl., Dkt. No. 1.) Before filing an answer, Rosen moved to dismiss the complaint for failure to state a claim. (Dkt. No. 8.) In response to that motion, and less than twenty-one days after it was filed, Lefevre filed an amended complaint.[3] (*See generally* Am. Compl.) In his amended complaint, Lefevre alleges that Rosen committed negligence and/or malpractice, and breach of fiduciary duty in his legal representation of

---

[3] Because Lefevre had not previously amended his pleading, he was entitled, as a matter of course, to amend the complaint within twenty-one days after service of Rosen's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 15(a)(1)(B). Accordingly, the operative pleading is Lefevre's amended complaint.

4

Lefevre.[4] (*Id.* ¶¶ 5-9.) Thereafter, the court granted Rosen's letter motion seeking to construe his motion to dismiss as against the amended complaint. (Dkt. No. 20.)

## III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

## IV. Discussion[5]

### A. Legal Malpractice

Rosen first argues that Lefevre's claim for malpractice is not legally cognizable. (Dkt. No. 10 at 7-10.) Specifically, Rosen contends that, because the Good Samaritan Law went into effect after the date of Lefevre's criminal conduct, the law does not apply to Lefevre's conduct,

---

[4] Although the parties agree that Lefevre's fraud claim should be dismissed, this claim is not asserted in Lefevre's amended complaint. (Dkt. No. 17 at 3; Dkt. No. 21 at 7; *see generally* Dkt. No. 16.)

[5] The parties appear to agree, and the court concurs, that New York law applies to this diversity action.

and Rosen did not commit malpractice by failing to raise it as a defense. (*Id.*)  On the other hand, Lefevre argues that his arrest prior to the effective date of the statute is immaterial, because his indictment and conviction occurred after the statute's effective date.  (Dkt. No. 17 at 4-5.)  For the reasons that follow, the court agrees with Rosen that dismissal is warranted.

Under New York law, a cause of action to recover damages for legal malpractice must allege: "(1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession[;] (2) that the attorney's breach of the duty proximately caused the [client] actual and ascertainable damages"; and (3) that the attorney's negligence was "the 'but for' cause of any damage to the client."  *Byrne & Storm, P.C. v. Handel*, No. 1:12-CV-716, 2013 WL 2444092, at *4 (N.D.N.Y. June 5, 2013) (internal quotation marks and citations omitted); *see Hanlin v. Mitchelson*, 794 F.2d 834, 838 (2d Cir. 1986).  "For malpractice actions arising from allegations of negligent representation in a criminal matter, the plaintiff must have at least a colorable claim of actual innocence—that the conviction would not have resulted absent the attorney's negligent representation."  *Dombrowski v.*

*Bulson*, 19 N.Y.3d 347, 350-51 (2012) (citation omitted).

Here, Lefevre asserts that Rosen was negligent in: (1) failing to explain that the charges against Lefevre should have been dismissed pursuant to the Good Samaritan Law; (2) recommending that Lefevre plead guilty and accept a prison sentence of three and one-half years; (3) "not representing the best interest of [Lefevre] and not informing [him] that all charges against him should be dismissed"; and (4) "taking large sums of money under the guise of 'non-refundable' retainers without any account therefor." (Am. Compl. ¶¶ 5-8.) According to Lefevre, Rosen's negligence caused him to unnecessarily serve one year of his prison sentence, which resulted in "his loss of liberty, loss of enjoyment of life, financial hardship and damage to reputation." (*Id.* ¶ 9.) Finally, Lefevre asserts that his conviction was eventually vacated, and the indictment dismissed, because the Good Samaritan Law barred his prosecution. (*Id.* ¶ 10.) Ultimately, Lefevre's malpractice claim hinges on his assertion that his conviction would not have resulted, but for Rosen's failure to assert the Good Samaritan Law as a defense of Lefevre's conduct. Thus, if, as Rosen alleges, the Good Samaritan Law does not apply to Lefevre's conduct, Lefevre's malpractice claim must be dismissed. *See Simmons v.*

*Edelstein*, 32 A.D.3d 464, 466 (2d Dep't 2006) ("To survive dismissal, the complaint must show that, but for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages.").

In New York, generally, non-procedural statutes will not be applied retroactively without a clear expression of legislative intent. *See CFCU Cmty. Credit Union v. Little (*In re *Little)*, No. 05-69113, 2007 WL 2791122, at *2 (N.D.N.Y. Sept. 24, 2007); *People v Oliver*, 1 N.Y.2d 152, 157 (1956); *People v. Weaver*, 7 Misc. 3d 922, 925 (N.Y. Co. Ct. 2005); *People v. McFarlane*, 7 Misc. 3d 1021(A), 2005 WL 1118112, at *2 (N.Y. Sup. Ct. 2005). When the Legislature passes an ameliorative amendment that reduces the punishment for a particular crime, "'the law is settled that the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date.'" *People v. Behlog*, 74 N.Y.2d 237, 240 (1989) (quoting *Oliver*, 1 N.Y.2d at 160). However, "where a change in the law removes all punishment for certain conduct[,] the '[s]tate may prefer to retain the right to prosecute for the act previously committed in deliberate defiance of the law as it then existed.'" *Id.* at 242 (quoting *Oliver*, 1 N.Y.2d at 161 n.3).

The Good Samaritan Law was enacted on July 20, 2011 to encourage a witness or victim of a drug-related overdose to call 911 or seek other emergency assistance in order to save the life of an overdose victim. *See* Governor's Approval Mem., Bill Jacket, L. 2011, ch. 154. The law protects such witnesses or victims from charge or prosecution for drug possession but does not prohibit their arrest, so that "responding officers [have] the ability to detain individuals who may or may not be entitled to the statutory exemption from prosecution . . . in order to investigate all the facts and circumstances of any criminal conduct and seek guidance from the appropriate officials." *Id.* The law became effective on the sixtieth day after its enactment, September 18, 2011. *See* 2011 N.Y. Sess. Laws Ch. 154 § 5 (McKinney). There is nothing in the text or legislative history of the law that indicates an intent to apply the statute to conduct occurring prior to its effective date. Notwithstanding County Court's contrary ruling, (Dkt. No. 17, Attach. 1), as Lefevre's conduct occurred prior to September 18, 2011, his prosecution was not barred by the Good Samaritan Law. Accordingly, any negligence on the part of Rosen did not cause damage to Lefevre. Rather, Lefevre's own conduct was the proximate cause of his conviction and sentence, and his claim for malpractice must be dismissed. *See Britt*

9

*v. Legal Aid Soc'y, Inc.*, 95 N.Y.2d 443, 447 (2000) (explaining that a criminal client must "bear the unique burden to plead and prove that the client's conviction was due to the attorney's actions alone and not due to some consequence of his guilt").

## B.  Remaining Claims

Claims of negligence and breach of fiduciary duty that are predicated on the same factual allegations and seek the same damages as those supporting a legal malpractice claim, are duplicative and must be dismissed.  *See Meador v. Albanese Law Office*, No. 5:08-CV-562, 2010 WL 3807163, at *4 (N.D.N.Y. Sept. 23, 2010); *Decker v. Nagel Rice LLC*, No. 09 CIV. 9878, 2010 WL 2346608, at *4 (S.D.N.Y. May 28, 2010). Thus, Lefevre's claims of negligence and breach of fiduciary duty premised on Rosen's failure to assert the Good Samaritan Law as a defense of Lefevre's conduct, (Am. Compl. ¶¶ 5-7), must be dismissed.  Moreover, to the extent that Lefevre may allege a separate cause of action premised on Rosen's "taking large sums of money under the guise of 'non-refundable' retainers without any account therefor," (*Id.* ¶ 8), the complaint fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Zimmerman v. Burge*, No. 9:06-CV-0176, 2009 WL 3111429, at *5

(N.D.N.Y. Sept. 24, 2009) ("There must . . . be enough facts alleged to raise a right to relief above the speculative level to a plausible level, so that the defendant may know what the claims are and the grounds on which they rest (in order to shape a defense)."). Accordingly, Lefevre's claims of negligence and breach of fiduciary duty are dismissed in their entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Lefevre's request to file a surreply (Dkt. No. 23) is **DENIED**; and it is further

**ORDERED** that Rosen's motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Lefevre's amended complaint (Dkt. No. 16) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 15, 2015
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

11